Loeb *v.* Benham et al., Appellants.

602

Argued September 29, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Abraham Wernick*, with him *Abraham L. Shapiro*, Assistant City Solicitors, and *Robert McCay Green*, City Solicitor, for appellants.

*Samuel A. Goldberg*, with him *Wolf, Block, Schorr & Solis-Cohen* and *Morris H. Goldman*, for appellee.

OPINION BY BALDRIGE, J., December 10, 1943:

This appeal involves the question: Are monies representing the proceeds of a life insurance policy left on

deposit with the insurance company, at interest, and payable monthly to the beneficiary under supplementary contract, taxable by the City of Philadelphia?

The Act of June 17, 1913, P. L. 507, 72 PS §4821, imposing a four mill personal property tax for city and county purposes, was amended by the Act of July 29, 1941, P. L. 556, in the following manner: "Nor shall this act apply to the proceeds of any life insurance policy held in whole or part by the insurer."

Arthur Loeb, who died April 9, 1940, had a policy of life insurance with the Sun Life Assurance Company of Canada in the principal amount of $100,000, wherein Emma G. Loeb, his widow, was named as beneficiary. The policy gave her the option of leaving the proceeds thereof as a deposit with the company during her lifetime, at interest, with the privilege of withdrawing it at any time. The widow, the appellee herein, determined not to collect the principal sum due under the policy and elected by notice in writing to leave it on deposit with the company and it thereupon entered into an agreement with her entitled "Supplementary Contract Deposit Bearing Interest." The proceeds of this policy were assessed for taxation under the Act of 1913, supra, as amended, by the Board of Revision of Taxes of Philadelphia. The court of common pleas on appeal reversed the board's action, holding that the legislature by the 1941 amendment clearly intended to exempt the sum in the hands of the insurance company. The appeal to this court followed.

The appellants earnestly argue that the "proceeds" as used in the amendatory act of 1941, supra, does not include the money left with the insurance company by the beneficiary under the supplementary agreement. With this contention we do not agree. There is no question that the money accrued or was realized from the proceeds of the policy in question. It never came into the hands of the beneficiary; it remained in the possession of the insurance company.

Prior to the 1941 amendment our Supreme Court in *Commonwealth v. Beisel,* 338 Pa. 519, 522, 523, 13 A. 2d 419, held that proceeds of a life insurance policy left on deposit with the company at interest and payable monthly to the beneficiary, as here, were taxable as an account bearing interest, under the State Personal Property Tax Act of June 22, 1935, P. L. 414, §3, as amended, 72 PS §§3242, 3244.[1] Mr. Justice STERN, the writer of the opinion there stated, pp. 522, 523: "So, here, the funds which are allowed to remain with the insurance companies, bearing interest, clearly come within this category of the State Personal Property Tax Act. The fact that, in their origin, they were the proceeds of insurance policies is immaterial. While insurance policies or their proceeds are not in themselves taxed by the Act, if the beneficiary, or the insured on her behalf, chooses to allow the companies to retain the proceeds . . . . . . they thereby become an investment which is taxable, irrespective of the source from which they were derived." In the very recent case of *Commonwealth v. Myers,* 348 Pa. 90, 34 A. 2d 69, involving the assessment of state personal property taxes, for 1939, 1940, and 1941, the Supreme Court followed its previous rulings in the *Beisel* case.

The State Personal Property Tax Act of 1935, supra, as amended, and the older County Personal Property Tax Act, supra, are similar in many respects. Both contain provisions taxing "articles of agreement and accounts bearing interest." The legislature did not, however, exempt the proceeds of any life insurance policy held in whole or part by the insurer, in amending the State Personal Property Tax of 1935, supra, as it did by the amendment of 1941 to the County and City Personal Property Tax Act. We, therefore, do not

---

[1] The State Personal Property Tax Act was a temporary act which was re-enacted until, and including, the session of 1941. See P. L. 361. It was not re-enacted in the 1943 session.

regard the decisions in *Commonwealth v. Beisel* and *Commonwealth v. Myers,* as controlling the case at hand.

In interpreting the legislation before us it is our duty to ascertain, if we can, the legislative intent and give effect to it: *Barber's Estate,* 304 Pa. 235, 240, 155 A. 565. The history of this legislation is illuminating. It will be noted that the very next legislature after the Beisel decision was handed down passed the amendment in question. The sponsor of the 1941 amendment, when it was before the legislature for discussion (Legislative Journal-House Volume 5, 1941, p. 5617) said: "The bill proposes to cure something that was recently decided by the Supreme Court in the Beisel decision. The purport of the decision, as I take it, is to tax the proceeds of life insurance which has been left with the company by the assured and make it subject to the four mills county tax." No doubt can be entertained that the amendment was intended to change the laws as then existing, and to exempt life insurance proceeds on deposit with the company from being taxed for city and county purposes. We are mindful that contemporaneous history is not controlling, but it is a factor which may be considered as indicative of legislative intent. See Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. "While it is true that the views expressed by those who draft or enact laws are not a safe guide when the courts are called upon to determine the meaning of the words employed therein [citing cases], yet in order to get at the old law, the mischief and the remedy and properly to understand and construe a statute embodying the latter, the history of the enactment in question may always be considered": *Tarlo's Estate,* 315 Pa. 321, 324, 325, 172 A. 139; *Commonwealth v. W. Phila. Fidelio Mannerchor,* 115 Pa. Superior Ct. 241, 246, 247, 175 A. 434.

We recognize the rule invoked by appellants that an exemption from taxation is not allowed unless clearly

within the terms of the statute: *Bayer's Estate*, 345 Pa. 308, 312, 26 A. 2d 202. The correlative rule that tax acts always receive a strict construction in favor of the taxpayer, must also be considered: *Dixon's Case*, 138 Pa. Superior Ct. 385, 390, 11 A. 2d 169.

We need not concern ourselves with the wisdom of the changes made; that is not a matter for our consideration. The present case falls squarely within the unambiguous language of the amendment, and no reason ·has been presented to us why it should not be given effect.

Cases relied on by appellants, such as *Aubrey v. McIntosh et al.*, 10 Pa. Superior Ct. 275 (Aff. 185 U. S. 122, 46 L. Ed. 834) and *Stein's Case*, 118 Pa. Superior Ct. 549, 180 A. 577 (Aff. 298 U. S. 94, 80 L. Ed. 1063) setting forth the rule that when pension money comes into the hands of the pensioner, the exemption from seizure by attachment is gone, are clearly distinguishable and are not controlling here.

The decree of the court below is affirmed.