## Speck *v.* Philips, Treasurer, Delaware County, et al., Appellants.

Argued December 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William H. Doerr, Jr.,* with him *Frank A. Moorshead* and *William R. Toal,* for appellants.

*Guy G. DeFuria,* with him *Vincent J. LaBrasca,* for appellee.

OPINION BY RHODES, P. J., March 4. 1947:

This proceeding was begun by a petition for a writ of mandamus to compel the County Treasurer of Delaware County to satisfy of record the liens of taxes for the years 1931 to 1944, inclusive, upon certain real estate owned by the plaintiff and situate in the Borough of Lansdowne. A writ of alternative mandamus was allowed, issued, and served upon defendant, who filed an answer and return thereto, to which plaintiff demurred. After hearing upon the demurrer, the court below sustained the same and directed that a peremptory writ of mandamus issue. The Borough of Lansdowne, by order of the court, was permitted to intervene as a party defendant. The defendant, the county treasurer, has appealed to No. 231, October Term, 1946, and the intervening defendant, the Borough of Lansdowne, has appealed to No. 236, October Term, 1946.

This appeal involves an interpretation of the Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.1 et seq.

Appellee, as the owner of certain real estate in the Borough of Lansdowne, Delaware County, Pennsyl-

vania, paid to the county treasurer, one of the appellants, on April 13, 1946, the sum of $6,705.28, which she asserted, under the Local Tax Collection Law of 1945, paid the delinquent taxes, including interest and penalties, on her property for the years 1931 to 1944, inclusive. The county treasurer to whom the delinquent taxes had been returned for collection contended, on the other hand, that the taxes on appellee's property totaled $8,224.52, and refused to satisfy the tax liens unless appellee should pay an additional sum of $1,519.24, representing the amount necessary to satisfy additional penalties calculated at one-half of one per cent per month.

The difference in amounts depends entirely on whether the interest of six per cent per annum provided by the Local Tax Collection Law of 1945, and the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, 72 PS §5971a, is the only interest collectible by the county treasurer or whether the additional interest of one-half of one per cent per month or six per cent per year prescribed by section 1308 of The General Borough Act of May 4, 1927, P. L. 519, art. 13, as amended by the Act of May 18, 1933, P. L. 818, 53 PS §13398, is applicable.

The court below was of the opinion that the Local Tax Collection Law of 1945, was controlling; that the said act, providing for six per cent interest per annum only, applied retroactively to the 1931-1944 taxes which are here involved; and that the said act applied to delinquent taxes which had been returned by the local tax collector, and which had been placed with the county treasurer for collection. Accordingly, the court below directed liens to be satisfied as appellee had paid in full the lesser amount.

Appellants, on this appeal, raise three questions which we shall discuss seriatim: (1) Does the Local Tax Collection Law of 1945, apply to taxes which have been

returned and are the obligation of the county treasurer to collect, or does it apply only to taxes while they remain with the local tax collector for collection? (2) Does the Local Tax Collection Law of 1945, which became effective January 1, 1946, apply retroactively to taxes which became delinquent, and which had been returned and certified for collection to the county treasurer, prior to the effective date of that act? (3) If the Local Tax Collection Law of 1945 is construed as a tax abatement act, is it not invalid on the ground of failure of title to give notice of the content?

(1) It is plain that the Local Tax Collection Law of 1945 is of general application. There is no exclusion of taxes which have become the obligation of the county treasurer to collect. Section 2 of that act, 72 PS §5511.2, provides: "The words—'Tax Collector' shall include every person duly elected or appointed to collect all taxes, levied by any political subdivision included in the provisions of this act, including the treasurers of cities of the third class and of townships of the first class in their capacity as collectors of taxes.

" 'Taxing District' shall include counties (except counties of the first or second class), county institution districts (except in counties of the second class), cities of the third class, boroughs, towns, townships and school districts of the second, third and fourth classes, and vocational school districts."

The primary rule of interpretation is, of course, to ascertain the intention of the legislature. *Loeb v. Benham et al.*, 153 Pa. Superior Ct. 601, 34 A. 2d 835. Taxing statutes generally should receive a construction which favors the taxpayer. *Scranton v. O'Malley Mfg. Co.*, 341 Pa. 200, 19 A. 2d 269; *Reading Trust Company Tax Assessment Case*, 143 Pa. Superior Ct. 277, 17 A. 2d 625; *Loeb v. Benham et al.*, supra, 153 Pa. Superior Ct. 601, 34 A. 2d 835.

Section 3(b) of the 1945 Act, 72 PS § 5511.3, provides: "All of the provisions of this act shall apply to

all taxes covered by the provisions of this act heretofore levied and remaining uncollected, as well as to all such taxes hereafter levied." The effect and operation of this section is to make the act general in its application. As we shall discuss later, it is an express direction that the act is to be retroactive. "Taxes covered by the provisions of this act *heretofore levied and remaining uncollected*" (Italics supplied) would include taxes levied and so far delinquent that they had been returned to the county commissioners and certified to the county treasurer for collection. The legislature was familiar with the fact that, under the law (Act of May 29, 1931, P. L. 280, as amended by Act of June 20, 1939, P. L. 498, 72 PS §5971a et seq.), delinquent taxes are ultimately returned to the county commissioners and certified for collection or the sale of the lands upon which such taxes were assessed and levied by the treasurer, as shown by the fact that the legislature expressly excluded from repeal (section 3 (e) of the 1945 Act, 72 PS § 5511.3 (e)) "any provisions of any law providing for the return of uncollected taxes to the county commissioners and the sale of real property bound thereby by the county treasurer . . ." Section 4 (d) of the 1945 Act, 72 PS § 5511.4, provides that the local tax collector shall be discharged from further liability on his bond for taxes charged in the duplicate delivered to him when said taxes are, inter alia, "(3) returned to the county commissioners for sale of the real estate by the county treasurer." Section 15 of the 1945 Act, 72 PS § 5511.15, states that it shall be unlawful for "any county treasurer, county commissioner or any tax collector" to receive taxes not assessed or to add names to the duplicate or list of taxables. Other sections of this lengthy and comprehensive act refer expressly to the collection of taxes by county treasurers, and from a reading of the entire act it would appear, without doubt, that it was intended to be of general application and to cover the taxes returned to commissioners for collection by the county treasurer.

(2) The 1945 Act is by its terms retroactive in that it applies to borough taxes which have become delinquent prior to the effective date of the act, January 1, 1946. Section 3 (b), quoted supra, states the act applies "to all taxes covered by the provisions of this act *heretofore levied and remaining uncollected,* as well as to all such taxes hereafter levied." (Italics supplied.) We recognize that no law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature (Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556), but the intent is clear and express here, and there is no room for a different interpretation.

Section 1308 of The General Borough Act of May 4, 1927, P. L. 519, art. 13, as amended by the Act of May 18, 1933, P. L. 818, 53 PS § 13398, provided as follows: "Abatements and Penalties.—All persons who shall, within sixty days from the date of notice, make payment of any taxes charged against them in the duplicate shall be entitled to a reduction of five per centum from the amount thereof that shall be paid. All persons who shall fail to make payment of any taxes charged against them in said duplicate within four months from the date of said notice shall be charged one-half of one per centum per month additional, on the taxes charged against them, for each and every month, or part thereof, that the same shall remain delinquent and unpaid after said four months period." Section 43 (12) of the Local Tax Collection Law of 1945 specifically repeals section 1308 of The General Borough Act of 1927, as amended, supra. See Act of May 28, 1937, P. L. 1019, art. 5, § 76, 46 PS § 576. By this repeal the right to collect the penalty ceased. *Hamilton v. Lawrence* 109 Pa. Superior Ct. 344, 350, 167 A. 509.

Appellants admit that the six per cent per annum penalty imposed by section 1308 of The General Borough Act would not apply after the effective date of the Local Tax Collection Law of 1945, but contend that the penalty

remains as to taxes which have become delinquent prior thereto. For reasons already stated, however, we are of the opinion that the 1945 Act operated retroactively to relieve the taxpayer of the additional six per cent per annum provided for in section 1308 of The General Borough Act.

It should be noted that section 10 of the 1945 Act, 72 PS § 5511.10,[1] fixes a penalty of five per cent for taxpayers who fail to pay the collector within four months after the date of the tax notice. This penalty is for failure to pay the tax in the year in which it falls due. The court below held, and correctly so, that in addition to the five per cent initial penalty, the taxes for the years 1931-1944 here involved bore interest at the rate of six per cent per annum, but that the taxpayer did not incur the additional penalty of another six per cent per annum fixed by section 1308 of The General Borough Act of 1927, as amended.

As we have pointed out, section 3 (e) of the Local Tax Collection Law of 1945, 72 PS § 5511.3, saves from repeal any provisions of any law providing for the return of uncollected taxes to the county commissioners and sale of such property by the county treasurer. Section 1 of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, 72 PS § 5971a, which governs the return to the county commissioners of delinquent taxes on seated lands, and provides for sale by the county treasurer, reads in part as follows: "In addition to penalties under existing laws, interest at the rate of six per centum per annum shall be added, begin-

---

[1] "All taxpayers subject to the payment of taxes, assessed by any taxing district, shall be entitled to a discount of two per centum from the amount of such tax upon making payment of the whole amount thereof within two months after the date of the tax notice. All taxpayers, who shall fail to make payment of any such taxes charged against them for four months after the date of the tax notice, shall be charged a penalty of five per centum, which penalty shall be added to the taxes by the tax collector and be collected by him."

ning on the first day of May, of the year following the levy and assessment of such tax, until such taxes are paid or the seated lands responsible therefor are sold as hereinafter provided."

Six per cent per annum is the usual legal rate of interest, and it is logical and proper to assume that the legislature intended to make the rate uniform and in conformity with prevailing practices, especially since the 1945 Act is a codification and revision of previous laws on the subject. The liability to pay taxes arises from no contractual relation between the taxable and the state, but is created by statute. *Scranton v. O'Malley Mfg. Co.*, supra, 341 Pa. 200, 204, 19 A. 2d 269.

(3) Appellants argue that the Local Tax Collection Act of 1945 cannot be construed as remitting the penalties imposed by section 1308 of The General Borough Act of 1927, and that if so construed the Local Tax Collection Act of 1945 is, in substance, a tax abatement act which is defective for failure to give notice of this fact in its title. The tax abatement act of May 25, 1945, P. L. 1006 (72 PS § 5575.1—note page 181 of Purdon's Supplement, where the abatement act is quoted), was passed on the same day as the Local Tax Collection Act of 1945. Appellants contend that the legislature would not pass two different acts on the same day abating penalties. The 1945 tax abatement act, supra, provides: "1. All penalties and interest imposed on unpaid, delinquent, county, city, borough . . . taxes for the tax year one thousand nine hundred forty-four, and all previous years, assessed and levied against any parcel or parcels of real estate are hereby abated, if the unpaid delinquent taxes are paid as hereinafter provided, if the authority levying the tax shall have notified the county treasurer within thirty days after this act becomes effective that the taxing authority has accepted by a majority vote the provisions of this act."

The purposes of tax abatement acts are well known. Such acts are distinct from the Local Tax Collection

Law of 1945. The abatement acts remit all penalties where the taxpayers and the taxing authorities comply with their provisions. Their primary purpose is to obtain payment of taxes long delinquent, without the necessity of a sale of the property by the political subdivision. The Local Tax Collection Law of 1945 is not, in substance or in form, a tax abatement act. It is rather a codification of previous laws relating to the subject with which it deals. In so far as the Local Tax Collection Law of 1945 does remit or change the penalties payable to the taxing authority, we think the act is valid and not subject to attack on the constitutional ground that its title does not give notice of the content. The title to the Local Tax Collection Law of 1945, 72 PS § 5511.1, note, reads: "An Act relating to the collection of taxes levied by counties, county institution districts, cities of the third class, boroughs, towns, townships, certain school districts and vocational school districts; conferring powers and imposing duties on tax collectors, courts and various officers of said political subdivisions; and prescribing penalties." The title to an act need not be a synopsis of the act nor an index to its provisions. *New Castle School District v. Travers et al.,* 353 Pa. 261, 265, 44 A. 2d 665; *Ribblet v. Westrick,* 145 Pa. Superior Ct. 409, 21 A. 2d 510. The title of the statute clearly puts those interested on notice to inquire as to matters contained therein, including penalties. ". . . a title which leads to inquiry is sufficient in this respect": *Commonwealth v. Pflaum,* 50 Pa. Superior Ct. 55, at page 60; 236 Pa. 294, 297, 84 A. 842, 843.

Judgment of the court below is affirmed, at the cost of appellants.