## In re Coal Township

*Louis Cohen,* for appellants.

*Charles C. Lark,* for appellees.

FORTNEY, P. J., July 11, 1947.—Certain residents and taxpayers of the Township of Coal, a first class township, presented their petition asking that a rule be issued upon the board of commissioners of said township to show cause why, inter alia, the tax rate or levy as set forth in an ordinance should not be reduced.

Petitioners aver that the ordinance adopted by the Board of Commissioners of Coal Township fixed an excessive millage to be paid on account of certain judgments against the township, and that the amounts due and owing on the said judgments are less than the amounts set forth in the ordinance. Petitioners also aver that if the tax levy is made as set forth in the ordinance, there will be collected moneys in excess of the amounts required to pay the particular judgments set out in the ordinance.

Prior to the return day of the rule, the board of commissioners filed a motion to quash the appeal of the taxpayers from the ordinance, assigning in support of its motion six reasons why it contends the appeal should be quashed. The petition of the taxpayers and residents for the rule, and the motion of the commissioners to quash the appeal were heard before the court, on argument by counsel.

The only question presented to the court on this argument was, "Do residents and taxpayers of a township of the first class have the legal right to appeal from an ordinance duly adopted by the board of commissioners of said township, to the court of quarter sessions?" Neither counsel presented any authority at the time of the argument for their respective positions. Counsel for petitioners in the rule contend that the appeal from the ordinance to the court of quarter sessions is the most expedient, most prompt and least expensive manner to test the validity of the ordinance. In support of his contention, he reasons by analogy that since the Act of May 4, 1927, P. L. 519, sec. 1010, known as the Borough Code, specifically permits appeals from ordinances to the court of quarter sessions, and since the Act of April 27, 1945, P. L. 319, specifically permits appeals from ordinances in townships of the second class to the court of quarter sessions, that therefore an appeal from an ordinance in townships of the first class should be permitted.

The relevant section in the law relating to townships of the first class, as amended by the Act of July 2, 1941, P. L. 237, 53 PS §19092-1701, outlines the procedure for the adoption of a budget showing an estimate of the several amounts of money which will be required for the specific purposes of township government and expenses during the current fiscal year, and provides that by ordinances there shall be appropriated out of the revenues available for the year the specific sums required as shown by the budget as finally adopted. It will be readily seen that this section of the law governing townships of the first class is silent as to appeals from ordinances. The realization that townships of the first class—as well as all municipalities—are created by an act of the legislature and have only such powers and are subject to such duties as are specifically conferred by the act of their creation, shows us the fallacy of this reasoning.

Nor do we think the averment in the petition that injustice will be done petitioners, and further irreparable harm will result by this alleged excessive levy, permits us to stretch the equitable principles so as to give them relief.

The Superior Court held, in Speck v. Phillips, Treasurer, et al., 160 Pa. Superior Ct. 365:

"A primary rule of interpretation of statutes is to ascertain the intention of the legislature." (Syllabus.)

We believe if the legislature, composed as it is of intelligent men, had intended to permit appeals to the court of quarter sessions from an ordinance in townships of the first class, as is here contended, it would have specifically said so as it did in appeals from ordinances in boroughs and townships of the second class. This is a proceeding that is regulated by statute and we must look to the statute for our authority. We find no such authority.

The petition must be dismissed for another fundamental reason. The court of quarter sessions has no jurisdiction to reduce a tax levy. This court was created by statute and consequently has only such authority as is conferred upon it. The several courts have their individual scope to cover, and we cannot go beyond the powers and jurisdiction of each court. The thing of chief importance on a question of jurisdiction of subject matter is not whether the plaintiff may recover in the particular forum on the cause of action pleaded, but whether the court is empowered to hear and determine a controversy of the character involved. Upholsterers' International Union v. United Furniture Workers et al., 356 Pa. 469.

In the argument of this matter before the court, it was not clear that the question involved was anything more or less than an academic one. It ought to go without saying that it is no part of the functions of the courts to perform those administrative duties

which by law are committed to other officers. It is equally true that public moneys are neither to be collected by taxation nor expended at the mere whim or caprice of those who have been selected to perform such important duties in any other manner than that prescribed by law. In the instant case it is suggested that the board comply with the statutory requirements and thus avoid further useless and protracted litigation.

### Order

And now, to wit, July 11, 1947, the petition for rule to show cause why the tax rate or levy as set forth in an ordinance adopted by the board of commissioners should not be reduced is discharged, and the motion of the board of commissioners to quash the appeal is granted. Each party to pay their own costs.

An exception noted and bill sealed for petitioners.