

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2004

# Hawley v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hawley v. Commissioner IRS" (2004). *2004 Decisions.* Paper 821.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/821

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Docket No. 03-2663

RICHARD C. HAWLEY,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
Tax Court Judge: The Honorable Thomas B. Wells
(No. 01-4178)

_____

Docket No. 03-3349

JANE GILBERT

v.

COMMISSIONER OF INTERNAL REVENUE,

Appellant

_____

On Appeal from the United States Tax Court
Tax Court Judge: The Honorable Thomas B. Wells
(No. 01-1592)

_____

Argued March 25, 2004

Before: FUENTES, SMITH and GIBSON, *Circuit Judges**

(Filed April 16, 2004)

Charles F. Blumenstock, Jr. (argued)
Mark N. Raezer
Blumenstock & Blumenstock
255 Butler Avenue
Suite 103
Lancaster, PA 17601

*Attorney for Appellant in 03-2663*

Teresa E. McLaughlin
Bethany B. Hauser (argued)
United States Department of Justice
Tax Division
P.O. Box 502
Washington, D.C. 20044

*Attorney for Appellee in 03-2663/Appellant in 03-3349*

John W. Schmehl (argued)
Dilworth Paxson
1735 Market Street
3200 The Mellon Bank Center
Philadelphia, PA 19103

*Attorney for Appellee in 03-3349*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

These consolidated tax appeals require a determination of whether payments made pursuant to an unallocated support order constitute alimony for purposes of the Internal Revenue Code ("I.R.C."). Because we conclude that the Tax Court was correct in its determination that the payments should not have been treated as alimony, we will affirm its decision.

I.

Richard Hawley and Jane Gilbert entered into an Agreement and Order of Support on February 4, 1992, which required Hawley to pay "the sum of $2,077.00 bi-weekly for and toward the support of wife and three (3) minor children," but which did not allocate the amount of that payment between alimony to Gilbert and child support to the children. Hawley made 26 payments pursuant to that agreement and deducted these payments on his individual tax returns for 1993, 1994 and 1995.[1] Gilbert did not include the payments in her income for those years.

The Commissioner adopted inconsistent positions on this discrepancy by assessing both Hawley and Gilbert with deficiencies,[2] *i.e.*, that Hawley could not deduct the payments and that Gilbert must include them in her income. Hawley and Gilbert then filed petitions in the Tax Court challenging the Commissioner's assessments.

---

[1]  Hawley deducted $54,100 in 1993, $54,100 in 1994 and $51,565 in 1995.

[2]  The taking of inconsistent positions by the Commissioner to prevent against a "whipsaw" is an accepted practice in this and other circuits. *Gerardo v. Comm'r*, 552 F.2d 549 (3d Cir. 1977). *See also Preston v. Comm'r*, 209 F.3d 1281 (11th Cir. 2000); *Centel Commun. Co. v. Comm'r*, 920 F.2d 1335 (7th Cir. 1990).

The Tax Court consolidated the petitions and issued an opinion, *Gilbert v. Commissioner*, 85 T.C.M. (CCH) 1087 (2003), which held that the unallocated support payments were not alimony. Consequently, Hawley's payments to Gilbert were not deductible, and did not have to be included as income by Gilbert. Hawley appeals, and the Commissioner, in order to avoid a "whipsaw" situation, also appeals the Tax Court's decision with respect to Gilbert.

II.

The Tax Court had jurisdiction pursuant to I.R.C. §§ 6213(a), 6214 and 7442. This Court has jurisdiction pursuant to I.R.C. § 7482(a)(1). The facts of these two cases are not in dispute. This Court exercises plenary review over matters of law. *Lazore v. Comm'r*, 11 F.3d 1180, 1182 (3d Cir. 1993).

III.

I.R.C. § 215(a) instructs that alimony payments are deductible to the payor and includible in the gross income of the recipient. Payments are considered alimony only if they satisfy all four specific requirements set out in Code § 71(b)(1):

(A) the payments must be made pursuant to a divorce agreement;
(B) the divorce agreement must not specify different tax treatment;
(C) the spouses must not be members of the same household; and
(D) the payor must not have any liability to make any additional or substitute payment after the payee spouse dies.

The Tax Court noted, and the parties agree, that the only requirement in dispute is subsection (D), that there must be no obligation to make any additional or substitute payments after the death of the payee spouse. Because the 1992 Support Order did not

4

address the effect of Gilbert's death on Hawley's obligation to make the payments, the Tax Court looked to Pennsylvania law to determine whether the requirement was met. The Tax Court concluded that the "Pennsylvania Supreme Court has not decided the narrow legal issue of whether an unallocated support order covering spousal support and child support terminates upon the death of the custodial spouse."

Hawley argues that the Tax Court erred because the Pennsylvania Supreme Court decided that the unallocated support order terminates upon the death of the ex-spouse by promulgating Pennsylvania Rule of Civil Procedure 1910.16-4(f)(3). Subsection (f)(3) was added in 2000 and Hawley's theory therefore depends upon the retroactive application of the amendment as support for the deductions he took for the unallocated payments. Hawley was unable, however, to furnish a single authority which would have supported retroactive application of this particular provision.

In *Dombrowski v. Philadelphia*, the Supreme Court of Pennsylvania stated in a footnote that, "[o]ur rules of civil procedure, promulgated under the Act of June 21, 1937, P.L. 1982, § 1, as amended, 17 P.S. § 61, have the force of a statute." 245 A.2d 238, 241 n.4 (Pa. 1968). The Superior Court of Pennsylvania, applying *Dombrowski*, has subsequently noted that there is a presumption against retroactive application of rules in the absence of an express statement in the rule that it may be applied retroactively. *Maddas v. Dehaas*, 816 A.2d 234, 241 (Pa. Super. 2003).

Hawley argues that the use of the word "insure" in an explanatory comment to the rule, as opposed to "change," or other similar words, demonstrates the intent of the

Pennsylvania Supreme Court for the provision to be applied retroactively.[3] The Pennsylvania Supreme Court made clear in *Commonwealth v. Rockwell Manufacturing*, however, that such strained attempts to key in on a particular term in arguing for retroactive application will not succeed. 140 A.2d 854, 857-58 (Pa. 1958) (comparing *Speck v. Philips*, 51 A.2d 399 (Pa. Super. 1947), which included a discrete clause addressing retroactive application). If the Pennsylvania Supreme Court, in promulgating this rule of civil procedure, had intended retroactive application it would have clearly indicated as much through a separate clause or other clear statement of that desire. *Id.*

Because Rule 1910.16-4(f)(3) does not support Hawley's argument that his obligation to make the payments would have terminated upon Gilbert's death, Pennsylvania's longstanding public policy which favors a continuing obligation to provide support for unemancipated children poses an insurmountable hurdle to his appeal.[4] *Cf. Ritter v. Ritter*, 518 A.2d 319, 322 (Pa. Super. 1986); *Bowen v. Commonwealth, Dep't of Public Welfare*, 343 A.2d 690, 691 (Pa. Commw. 1975).

It is true that death abates a divorce action and the obligation to pay alimony. *See Drumheller v. Marcello*, 516 Pa. 428, 432 (1987)); 23 Pa. Cons. Stat. Ann. § 3707 (the right

---

[3] That comment states, "The new language is intended to insure alimony tax treatment of unallocated orders pursuant to § 71 of the Internal Revenue Code."

[4] Hawley argues that the Tax Court erred in failing to reconcile its decision in this case with the Tax Court opinions in *Lawton v. Commissioner*, 78 T.C.M. (CCH) 153 (1999), and *Simpson v. Commissioner*, 78 T.C.M. (CCH) 191 (1999), which held that unallocated payments are considered alimony. We agree with the Tax Court's distinguishing treatment of those cases, however, in that neither case considered the application of subparagraph (D) of Code § 71(b)(1).

to receive alimony terminates automatically at the death of the payee). Yet the obligation to pay child support remains. Courts are bound to promote the best interests of the children. *See Oeler v. Oeler*, 594 A.2d 649, 651 (Pa. 1991). Even if the technical obligation to make payments under the order to Gilbert would have ended upon her death, the obligation to make substitute payments would have continued because Hawley would still have been required to support his children. 23 Pa. Cons. Stat. Ann. § 4321(2) ("Parents are liable for the support of their children who are unemancipated and 18 years of age or younger.").

Hawley has not provided, nor have we found, any authority to support his position that he properly took deductions in 1993, 1994 and 1995 for the payments made pursuant to the unallocated support order.[5] We will therefore affirm the decision of the Tax Court with respect to Hawley. Consistent with that conclusion, we also affirm the court's decision as to Gilbert.

---

[5] The Tax Court cited the Tenth Circuit's decision in *Lovejoy v. Commissioner*, 293 F.3d 1208 (10th Cir. 2002), for its conclusion in this case. In that opinion, addressing the treatment of payments made pursuant to an unallocated support order under substantially similar laws as those in Pennsylvania, the Court predicted that the Colorado Supreme Court would hold that the payments would not automatically terminate on the death of the payee spouse, and that the payments were not therefore deductible by the payor. We reach the same conclusion with respect to Pennsylvania law in this case and reject Hawley's argument for retroactive application of Pennsylvania Rule of Civil Procedure 1910.16-4(f)(3).