T.C. Summary Opinion 2007-8

UNITED STATES TAX COURT

SCOTT W. COSBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12019-05S.            Filed January 17, 2007.

<u>Todd C. Merchant</u>, for petitioner.

<u>Laura A. McKenna</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 2002 and Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a $4,536 deficiency in petitioner's 2002 Federal income tax. The issue for decision is whether petitioner is entitled to an alimony deduction for amounts paid as family support to his former spouse pursuant to the California Family Code.

## Background

All of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Fullerton, California.

Petitioner's marriage to Michelle Lea Cosby (petitioner's former spouse) was dissolved by judgment dated November 18, 1997 (the divorce decree), which was issued by the Superior Court of California, County of Los Angeles (the divorce court). The divorce decree obligates petitioner to pay $1,400 per month to his former spouse as family support for her and their three children. According to the divorce decree, petitioner's obligation to make the family support payments is to continue until further order of the divorce court.

Petitioner began making the family support payments in December 1997. During 2002, those payments totaled $16,800

(the family support payments). As best can be determined from the manner in which the parties have presented this case, petitioner and his former spouse did not live together at any time during that year.

According to the stipulation of facts, the terms of the divorce decree were "negotiated" between petitioner and his former spouse. The details of those negotiations, however, have not been made part of the record.

The divorce decree does not specifically allocate petitioner's family support obligation between petitioner's former spouse and their children. While the divorce decree is silent on this matter, the term "family support" by definition precludes such an allocation. Under the California Family Code, "family support" is defined as "an agreement between the parents, or an order or judgment, that combines child support and spousal support without designating the amount to be paid for child support and the amount to be paid for spousal support." Cal. Fam. Code sec. 92 (West 2004). The divorce decree is also silent with respect to whether the family support payments are includable in the income of petitioner's former spouse or allowable as a deduction to petitioner.

As relevant here, on his timely filed 2002 Federal income tax return petitioner claimed an alimony deduction for the family support payments. Respondent disallowed that deduction in the notice of deficiency. An explanation for the disallowance is not provided in the copy of the notice of deficiency placed in the record.

Petitioner's former spouse did not include the family support payments in her 2002 income.

Discussion

It is well settled that deductions are a matter of legislative grace and that the taxpayer must establish entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In the case of an individual, section 215(a) "[allows] as a deduction an amount equal to the alimony * * * payments paid during such individual's taxable year." The definition of "alimony", for purposes of section 215(a), is found in section 71. Sec. 215(b).

In general and as relevant here, section 71(b)(1) defines the term "alimony" as any cash payment if: (1) The payment is

received by a spouse[1] under a divorce decree; (2) the divorce decree does not state that the payment is neither includable in gross income nor allowable as a deduction; (3) the payor and payee spouses are not members of the same household when the payment is made; and (4) the payment obligation terminates at the death of the payee spouse and there is no liability to make either a cash or a property payment as a substitute for the payment after the death of the payee spouse.

The parties agree with respect to the principles just stated, but they disagree as to whether the family support payments fit within the definition of "alimony". Petitioner takes the position that all of the above-mentioned section 71(b)(1) requirements have been satisfied and, therefore, the family support payments constitute "alimony" within the meaning of sections 71 and 215. Respondent disagrees and argues that the payments do not fit within the definition of "alimony" because: (1) "The payments are not designated [in the divorce decree] as includable in income to the payee and deductible by the payor" (the designation argument); (2) petitioner has failed to establish that the family support payments would terminate upon the death of his former spouse (the termination argument); and

---

[1] For purposes of sec. 71, the term "spouse" includes a former spouse. Sec. 71(d).

(3) petitioner's former spouse did not include the family support payments in her income (the inclusion argument).

Respondent's designation argument is easily dismissed. A careful reading of the statute clearly demonstrates that the definition of "alimony" does not include a requirement that the divorce or separation instrument "designate" the payment as includable in the gross income of the payee spouse and allowable as a deduction to the payor spouse.[2]

Respondent's termination argument proceeds upon the premise that petitioner's obligation to make the family support payments would continue after the death of his former spouse. In support of this argument, respondent in his brief cites numerous previously decided cases regarding whether the taxpayer's obligation to make family support payments under State law

---

[2] If a payment is to be treated as alimony for purposes of sec. 215, then, in addition to the other requirements noted above, the divorce or separate maintenance instrument must not designate that the payment is not includable in the income of the recipient spouse and not allowable as a deduction to the payor spouse. Sec. 71(b)(1)(B). Respondent's designation argument, in effect, converts the requirement that certain conditions not be included in a divorce or separation instrument into a requirement that certain conditions be included. We are aware of no principle of statutory construction or logic (at least from an Aristotelian standpoint) that would allow such a conversion.

(California and others) terminated upon the death of the payee spouse.[3] We see little point in a detailed discussion of those cases, as their holdings present no clear direction as to how this case should be resolved. As in the prior cases, neither party has called the Court's attention to California law, whether statutory or otherwise, that determinatively resolves the question.[4]

---

[3] For example, respondent cites Murphy v. Commissioner, T.C. Memo. 1996-258, in which the Court held that it would presume that the obligation to make the marital payments could have survived the remarriage or death of the payee spouse and that sec. 71(b)(1)(D) was not satisfied because there was insufficient evidence for the Court to conclude that these payments would not have survived the death of the payee spouse before the children in her custody reached the age of majority. Respondent cites Miller v. Commissioner, T.C. Memo. 1999-273, affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002), in which the Court found that the parties intended the payments to terminate not upon the death of the payee spouse, but rather upon the happening of one or more specified events pertaining to their children and, consequently, held that the payor spouse's payments failed to meet the sec. 71(b)(1)(D) requirement. Respondent cites cases applying Colorado law, Miller v. Commissioner, supra, New Jersey law, Gonzales v. Commissioner, T.C. Memo. 1999-332, and Pennsylvania law, Gilbert v. Commissioner, T.C. Memo. 2003-92, affd. sub nom. Hawley v. Commissioner, 94 Fed. Appx. 126 (3d Cir. 2004), for the proposition that payments of unallocated family support do not satisfy the sec. 71(b)(1)(D) requirement and thus do not qualify as deductible alimony.

[4] California law, of course, would control here. See Morgan v. Commissioner, 309 U.S. 78, 80 (1940).

Both parties have called the Court's attention to Berry v. Commissioner, T.C. Memo. 2005-91, in which the Court applied California law. The facts of Berry closely resemble the facts in this case. In Berry, as in our case, the divorce decree obligated the taxpayer to pay California family support to his former spouse, and the taxpayer claimed an alimony deduction for those payments. For the most part, the Commissioner's denial of the taxpayer's alimony deduction in Berry was based upon the same reasons advanced by respondent in denying the deduction here in dispute, one of which was the taxpayer's failure to establish that California family support payments terminate upon the death of the payee as required by section 71(b)(1)(D). After comprehensive and careful analysis, in Berry we held that nothing under California law, in and of itself, operated to deny the payor spouse a deduction for amounts paid as family support.

Petitioner, of course, relies upon Berry to support his claim to the alimony deduction here in dispute. Respondent attempts to distinguish Berry on both factual and legal grounds; however, the distinctions are not persuasive.

According to the stipulation of facts, petitioner and his former spouse negotiated the terms that were ultimately included in the divorce decree; presumably, the negotiated terms included the amount of, and other conditions relating to, the family support payments included in the divorce decree. The details of

those negotiations, however, have not been made part of the record.  As in <u>Berry</u>, we are left to resolve the issue concerning the payor spouse's postdeath liability for purposes of section 71(b)(1)(D) by relying solely upon the terms expressly included in the divorce decree.  Applying California law to those terms, we reach the same conclusion that we did in <u>Berry</u>, that respondent's termination argument must be rejected.[5]

Lastly, we address respondent's inclusion argument. According to respondent, petitioner is not entitled to an alimony deduction for the family support payments because his former spouse did not include those payments in her income.  If a payment meets the definition of "alimony" set forth in section 71(b)(1), then it is includable in the payee spouse's income. Secs. 61(a)(8), 71(a).  If the payment is includable as alimony in the payee spouse's income, then it is allowed as an alimony deduction to the payor spouse.  Sec. 215(a).  Whether the payee actually includes the amount in income, although possibly relevant, is hardly determinative as to whether the payor spouse may deduct the payment.  The fact that petitioner's former spouse did not include the family support payments neither establishes that the payments are not includable in her income nor defeats

---

[5] We could repeat the reasoning of <u>Berry</u> here, but we doubt that we could improve upon it.

petitioner's claim to an alimony deduction for them. Cf. <u>Berry</u> <u>v. Commissioner</u>, <u>supra</u> (finding that the fact that the payee spouse did include the family support payments in gross income was not relevant for purposes of determining whether they constituted deductible alimony).

The family support payments satisfy the conditions set forth in section 71(b)(1). It follows that petitioner is entitled to a deduction for those payments.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.