T.C. Memo. 2008-183

UNITED STATES TAX COURT

STEVEN AND VAN LE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22413-06.                    Filed July 30, 2008.

Steven and Van Le, pro sese.

<u>Douglas S. Polsky</u> and <u>Dennis R. Onnen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $1,768 deficiency in petitioners' 2004 Federal income tax.  The issue for decision is whether petitioners are entitled to a $6,022 deduction for alimony paid for the year 2004.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in New Mexico.

On November 1, 1999, Steve Le (petitioner) and Tran Le (Ms. Le) filed for divorce in the District Court of Sedgwick County, Kansas (district court). The district court issued temporary orders which ordered that petitioner pay spousal maintenance to Ms. Le during the pendency of the divorce proceedings. On September 27, 2000, petitioner and Ms. Le divorced pursuant to the Journal Entry of Judgment and Decree of Divorce (divorce decree) dated September 27, 2000, and filed December 7, 2000. The divorce decree provided, in part, as follows:

> IT IS FURTHER ORDERED as and for spousal maintenance that the Petitioner [Ms. Le, also known as Tran B. Tran] shall have a judgment against the Respondent [petitioner, also known as Phong Le] for unpaid spousal maintenance ordered pursuant to the Temporary Order in the amount of $12,000. Said spousal maintenance shall be taxable income to petitioner and shall be deductible on respondent's income tax return. The respondent shall have thirty (30) days to choose how to satisfy said judgment by payment or by causing funds to be distributed from his Rockwell Collins 401(k) Retirement Plan. Respondent shall be allowed to do so and said $12,000 shall be awarded to petitioner from respondent's 401(k) plan as part of the property division and not as support. Petitioner shall be responsible for all income tax consequences on said amount in the event respondent chooses to satisfy said judgment by and through the 401(k) plan. The transfer of said funds to petitioner shall be made by Qualified Domestic Relations Order to be prepared by respondent's

counsel. The court shall retain jurisdiction to assist the parties in carrying out the intent of this order. If payment is not made within thirty (30) days from the date of filing this order, the petitioner shall be free to execute on the judgment, as provided by law.

IT IS FURTHER ORDERED the Respondent shall have no further obligation to pay spousal maintenance to the Petitioner other than the judgment described above.

Pursuant to an income withholding order issued by the district court in 2001, petitioner made payments for past due support to Ms. Le through the "Kansas Payment Center" (as ordered by the district court) in 2001, 2003, and 2004 in the amounts of $4,050, $4,500, and $6,323, respectively.[1] Respondent issued a notice of deficiency to petitioners for 2004 determining a deficiency after disallowing a $6,022 alimony deduction.[2]

OPINION

Section 215(a)[3] provides that an individual is allowed a deduction for alimony or separate maintenance payments paid during the taxable year. For purposes of defining "alimony or separate maintenance payment", section 215(b) cross-references section 71(b). The parties agree petitioner's payment to Ms. Le satisfy the requirements of section 71(b)(1)(A), (B), and (C).

---

[1] Amounts are rounded to the nearest dollar. In 2004 the district court modified the income withholding order to terminate the income withholding.

[2] Petitioner paid $6,323 to Ms. Le in 2004, but petitioner claimed $6,022 as an alimony deduction.

[3] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Section 71(b)(1)(D) requires that "there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse."

The Court first reviews the divorce documents to determine whether a payor spouse satisfies section 71(b)(1)(D). Okerson v. Commissioner, 123 T.C. 258, 264 (2004). The Court looks to applicable State law if the divorce documents are inconclusive. Gilbert v. Commissioner, T.C. Memo. 2003-92, affd. sub nom. Hawley v. Commissioner, 94 Fed. Appx. 126 (3d Cir. 2004).

The parties agree that petitioner was ordered to pay $12,000 of spousal support pursuant to the temporary orders issued by the district court. Petitioner was in arrears on the $12,000 of spousal support due under the temporary orders when the district court issued the divorce decree. The divorce decree was silent as to whether the liability for the $12,000 of spousal support would terminate on the death of the payor or payee. Therefore, the Court must look to Kansas law.

In Kansas "temporary maintenance ceases when the divorce action terminates". In re Marriage of Vientos, 139 P.3d 152 (Kan. Ct. App. 2006). A divorce action is "purely personal and ends on the death of either spouse." Wear v. Mizell, 946 P.2d 1363, 1367 (Kan. 1997). In cases where the payor spouse is in

arrears on support payments but then later pays the amount in arrears, "the payment retains the characteristics of the original payments for which it is substituted". <u>Davis v. Commissioner</u>, 41 T.C. 815, 820 (1964); see also <u>Stroud v. Commissioner</u>, T.C. Memo. 1993-317.

The $12,000 of spousal support was temporary maintenance. Accordingly, under Kansas law the liability to make such payments would have ceased on either petitioner's or Ms. Le's death because the divorce proceeding would have automatically terminated, ending the operation of the temporary orders. Therefore $3,450 of the payments petitioner made to Ms. Le in 2004, which satisfied in full the $12,000 of spousal support,[4] is deductible as alimony in 2004.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[4] Petitioner paid $4,050 and $4,500 of the $12,000 of spousal support in 2001 and 2003, respectively. Accordingly, only $3,450 of the $12,000 of spousal support remained outstanding ($12,000 minus $4,050 minus $4,500 equals $3,450).