## Commonwealth v. Rockwell Manufacturing Company, Appellant.

Argued January 14, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO and JONES, JJ.

*Frank A. Sinon,* with him *F. Eugene Reader,* and *Rhoads, Sinon & Reader,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY MR. JUSTICE CHIDSEY:

This is an appeal from the final judgment of the court below dismissing the appeal of the taxpayer from the action of the Board of Finance and Revenue in re-

fusing to review the resettlement of the taxpayer's corporate net income tax for the year 1953.

The taxpayer, Rockwell Manufacturing Company, is a Pennsylvania corporation having its principal place of business and its fiscal office in Pennsylvania. Within the time provided by law, the taxpayer filed a report of corporate net income tax for the year ended December 31, 1953. A settlement of this tax was made by the Department of Revenue on November 9, 1954 in the amount of $153,270.35 and approved by the Department of the Auditor General on November 15, 1954. However, in its return the taxpayer did not report as gross receipts the proceeds from the disposition of United States securities in the amount of $4,226,-380 and from the disposition of other securities in the amount of $76,769.25. Upon the discovery of this omission, and within two years of the settlement of November 9, 1954 as required by the statute, the Department of Revenue on March 1, 1956 resettled the company's tax, adding the gross proceeds of its securities to the numerator and the denominator of the gross receipts fraction.[1] The tax as resettled amounted to $156,456.22 or an increase of $3,849.85 over the amount previously determined to be due under the settlement of November 9, 1954. On March 6, 1956, before the resettlement was approved by the Auditor General, the Corporate Net Income Tax Act was amended in several

---

[1] In determining the amount of tax for corporations doing business both within Pennsylvania and in other States, a formula is utilized to allocate the proportion of income attributable to its activities within this Commonwealth. In determining this percentage, three fractions, which respectively include tangible property, wages and salaries, and gross receipts are used. The numerators of these fractions include whatever proportion of the three factors is assignable to Pennsylvania, and the denominators are composed of the respective totals from all of the corporation's business. The present case involves only the gross receipts fraction.

respects, and particularly as to gross receipts, to provide that: ". . . (3) Of the remaining third, such portion shall be attributed to business carried on within the Commonwealth, as shall be found by multiplying said third by a fraction, whose numerator is the amount of the taxpayer's gross receipts from business assignable to this Commonwealth as hereinafter provided, and whose denominator is the amount of the taxpayer's gross receipts from all its business. *For the purpose of this section, gross receipts shall not include receipts heretofore or hereafter received from the sale, redemption, maturity or exchange of securities, except those held by the taxpayer primarily for sale to customers in the ordinary course of its trade or business.*" Act of March 6, 1956, P. L. 1247, 72 PS §3420b. (Amended portion in italics).

Section 2 of the 1956 amendment provides: "This amending act shall take effect as of the first day of January, one thousand nine hundred fifty-six, for corporations reporting on a calendar year basis, or as of the first day of any fiscal year beginning in the calendar year one thousand nine hundred fifty-six for corporations reporting on a fiscal year basis." Appellant reported on a calendar year basis.

Appellant does not here maintain that the disposition of securities was not includable as gross receipts prior to the amendatory legislation. What it does argue is that the Legislature by the use of the phrase ". . . gross receipts shall not include receipts [from the disposition of securities] heretofore or hereafter received . . ." intended to retrospectively exclude these proceeds from gross receipts. It is the taxpayer's contention that, because of the use of the word "heretofore", the fiscal officers of the Commonwealth in making settlements and resettlements, and in approving and reviewing them, must not include in the gross re-

ceipts fraction any receipts arising from securities transactions regardless of the taxable year in which these transactions occurred.

The principle that provisions in a taxing statute that operate retroactively are not *per se* invalid has been reiterated so often that it has become almost axiomatic. As stated in *Shirks Motor Express Corporation v. Messner,* 375 Pa. 450, 462, 100 A. 2d 913: ". . . The taxing power of the Legislature is very broad and includes power to enact taxes which are retroactive in effect as well as the power to retroactively increase taxes. Many Pennsylvania cases have sustained the exercise of this power and the United States Supreme Court has approved retroactive taxes since Stockdale v. The Insurance Companies, 20 Wall. 323 (1874). . . ." That the effect of the amendment, if held to be retroactive, would decrease the tax as far as this particular taxpayer is concerned, would offer no hindrance to a determination by this Court that such was the legislative intention. However, equally well established is the rule that in order for a statute to be construed as retroactive, the intention of the Legislature for it so to operate must be clear and unmistakable. As this Court has said in *Farmers National Bank and Trust Company of Reading v. Berks County Real Estate Company et al.,* 333 Pa. 390, 393, 5 A. 2d 94: "The general rule of construction is that statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively *is so clear as to preclude all question as to the intention of the legislature: . . .*" (Emphasis supplied). (See also *Commonwealth v. Repplier Coal Company,* 348 Pa. 372, 35 A. 2d 319; Statutory Construction Act, 46 PS §556, §558(2)).

The taxpayer, relying on *Speck v. Philips, Treasurer, Delaware County, et al.,* 160 Pa. Superior Ct. 365,

51 A. 2d 399; *Malicks' Petition*, 137 Pa. Superior Ct. 139, 8 A. 2d 494, and §601(51) of the Statutory Construction Act, believes that this clear mandate as to retroactivity is apparent because of the Legislature's use of the word "heretofore" in the clause in question.

The provision involved in the *Speck* case provided: (§3(b) Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.1 et seq.) "*All* of the provisions of this act shall apply to *all* taxes covered by the provisions of this act heretofore levied and remaining uncollected, as well as to all such taxes hereafter levied." (Emphasis supplied). The Court held that the interest rate provided by the above statute applied to taxes levied and uncollected prior to the effective date of the statute. In *Malicks' Petition*, the provision stated: (Act of July 2, 1937) " 'Whenever any county has heretofore filed, in the office of the prothonotary of the proper county, any tax lien or tax liens, and the said county has not, within the period of five years after the date on which any such tax lien was filed or last revived, filed a suggestion of nonpayment and an averment of default to revive the same, then, in any such case, any such county may, within six months after the final enactment of this act, file a suggestion of nonpayment and an averment of default on any such tax lien for the revival thereof; and such suggestion of nonpayment, and averment of default so entered, shall constitute a valid revival of such lien, and be a lien upon the real estate upon which it was a lien at the time the lien was first filed, and said lien may be revived or further revived and collected as other tax liens are revived and collected: . . .' " It was held that a county following the quoted procedure could revive a tax lien against a property where the lien had been allowed to lapse prior to the statute's effective date.

There are numerous factors distinguishing the clause involved in the present case from the provisions held to be retroactive in both the *Speck* case and *Malicks' Petition*. In the *Speck* case, there was a specific clause, the sole purpose of which was to show the intention of the Legislature that the Act was to be construed retroactively. In addition to the use of the word "heretofore", the clause specifically stated that "All of the provisions . . . shall apply to *all* taxes . . .". It is obvious that "heretofore" as used in a specific clause relating only to the time that the statute is intended to encompass, and viewed in conjunction with the italicized words, is vastly different from its use in the clause involved in this case. Finally, the Act as applied retroactively in the *Speck* case operated on all taxpayers equally, and did not favor one class over another.

Nor does *Malicks' Petition* offer any support to taxpayer's contention, since the provision in that case was expressly construed as being remedial legislation and of necessity retroactive. As was stated on p. 142 of that opinion: ". . . We are not unmindful of the rule that statutes generally will not be construed as applying retroactively unless a clear intention that they shall be so applied is apparent: Farmers N. Bk. & Tr. Co. v. Berks Co. R. E. Co. et al., 333 Pa. 390, 5 A. 2d 94. This rule, however, has no application to the statute we are here considering. It belongs to the class known as remedial, curative or validating legislation. Aside from the question of its application to pending litigation, this act is, by its very nature, one which applies retroactively in that, upon the occurrence of, or compliance with, certain conditions, it authorizes the revival and collection of tax liens any county had failed to keep alive. . . ." The Court did not conclude that the statute was retroactive because the term

"heretofore" was used, but because it was apparent from the language of the entire statute that the Legislature intended the statute to be remedial, and thus retroactive.

Taxpayer finally relies on §601(51) of the Statutory Construction Act which states: "The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . (51) 'Heretofore,' a reference to the time previous to the time when the law containing such word takes effect." It argues that "heretofore" refers to a time prior to the effective date of the statute and that since the effective date of the statute as to it is January 1, 1956, it concludes that the provision must apply, without limit, to any time prior to that date.

Keeping in mind the presumption and strict construction against retroactivity contained in the same statute,[2] and that the context in which "heretofore" is used may alter its statutory definition, we will examine the wording of the clause in question. The provision states: ". . . For the purpose of this section, gross receipts shall not include receipts heretofore or hereafter received from the sale, redemption . . . of securities . . ." It is readily apparent that the parties to this proceeding advocate two different interpretations of the above clause. Taxpayer argues that the clause should be read as ". . . gross receipts shall not include [heretofore or hereafter, that is, in any prior or future taxable year] receipts received". In effect, taxpayer contends that "heretofore or hereafter" refer to and modify "include" and were inserted by the Legislature to show the period of time during which the receipts in question should not be includible as gross receipts.

---

[2] Statutory Construction Act, 46 PS §556, §558(2).

It then urges that since "heretofore" is generally construed as referring to a period of time prior to the effective date of the Act, that the receipts should not have been considered as gross receipts at any time, without limit, prior to January 1, 1956. On the other hand, the Attorney General argues that the clause should be read as ". . . gross receipts shall not include [in the taxable year 1956 and thereafter] receipts, heretofore or hereafter received". He, in effect, maintains that "heretofore or hereafter" refer to and modify only the word "received", and that the words "shall not include" refer only to the time when the tax shall become due, and should be controlled by the express effective date provision of the Act.

If the taxpayer's interpretation were adopted it is obvious that the provision would *retroactively* operate unequally on two classes of taxpayers. Taxpayers whose fiscal offices are located outside the Commonwealth would have the proceeds from the disposition of securities removed from the denominator of the gross receipts fraction, thus increasing their taxes. On the other hand, taxpayers, such as the one in the instant case, whose fiscal offices are located within the Commonwealth, would have the proceeds from the disposition of securities removed from both the numerator and the denominator, thus reducing their taxes. The former class of taxpayers who would be subjected to increased taxes for prior years would undoubtedly contend, inter alia, that such retroactive construction would be unconstitutional under Article III, Section 3 of the Pennsylvania Constitution because there was nothing in the title of the Act to indicate a retroactive operation of the enactment. It is extremely unlikely that the Legislature intended the quoted clause to operate in this manner, and if it did, we think it would have expressly so provided.

It is conceivable that the word "heretofore" was inserted to make certain that no proceeds from the disposition of securities received by a taxpayer in 1956 between January 1st, the effective date, and March 6th, the date of enactment, could be added to the gross receipts fraction by those corporations who would be benefited thereby, and constituted, as the Deputy Attorney General suggests, "cautious redundancy". Moreover, the interpretation advocated by him is supported by a literal reading of the provision, while to uphold the taxpayer's contention that "heretofore" refers to "include" requires a rephrasing of the clause as enacted by the Legislature.

It is also significant that the Legislature at the same session inserted the same language in the gross receipts fraction of the Corporate Franchise Tax as was inserted in the similar fraction of the Corporate Net Income Tax, *without the words "heretofore or hereafter"*. See Act of March 15, 1956 (1955-56), P. L. 1285, 72 PS §1871. The Corporate Net Income Tax and the Corporate Franchise Tax are companion taxes on the privilege of doing business in Pennsylvania and have generally been construed in an identical manner. See *Commonwealth v. American Telephone and Telegraph Company*, 382 Pa. 509, 115 A. 2d 373.

We believe that it is clear from the wording of the statute and the effect that a retroactive operation would produce, that "heretofore" as used in this provision refers to the time when the proceeds from the disposition of securities were received, rather than the period when they were to be excluded from gross receipts, and thus, in order to be effective could only refer to a time prior to the enactment of the Act rather than its effective date.

Moreover, appellant's argument for the retroactivity of the provision in question is met with the rule of

statutory construction contained in Section 73 of the Statutory Construction Act, 46 PS §573, which provides: "Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; *but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective.*" (Emphasis supplied).

The conclusion we have reached is in accord with another rule of statutory construction here pertinent. The Corporate Net Income Tax (72 PS §3420a et seq.) was enacted in 1935 as a temporary tax for a two-year period. It was biennially reenacted at every regular session of the Legislature to and including the session of 1957 when it was made a permanent exaction (Act of April 30, 1957, P. L. 80, Act No. 39). We are presently concerned with the appellant's corporate net income tax for 1953. The tax for that year and the settlement thereof was controlled by the Corporate Net Income Tax Act as reenacted and amended by the Act of July 20, 1953, P. L. 534. Appellant seeks to have the 1956 amendment to the taxing Act *as reenacted and amended in 1955* relate back to the taxing Act as reenacted and amended in 1953. Section 74 of the Statutory Construction Act, 46 PS §574, provides: "Whenever a law has been more than once amended, the latest amendment shall be read into the original law as previously amended and not into such law as originally enacted."

And even if the 1956 amendment were construed as a reenactment, the same result would be reached, for

under Section 81 of the Statutory Construction Act, 46 PS §581, the new or changed provisions shall be deemed to be the law from the effective date of the reenactment.

Despite the able and ingenious argument by appellant's counsel, we are fully satisfied that the Act of 1956 in question is not retroactive as contended, and that the resettlement of appellant's tax was correctly computed.

OPINION PER CURIAM, May 2, 1958:

The foregoing opinion, written by Mr. Justice CHIDSEY prior to his death on April 19, 1958, is adopted and filed as the opinion of the Court.

Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.