# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Greenwood Gaming and : 
Entertainment, Inc., : 
                Petitioner : 
                 : 
         v. :   No. 609 F.R. 2015
                 :   Submitted: April 10, 2019
Commonwealth of Pennsylvania, : 
                Respondent : 


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge[1]
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge


**OPINION BY JUDGE BROBSON[2]**        **FILED: September 30, 2019**

      Greenwood Gaming and Entertainment, Inc. (Taxpayer) has filed exceptions[3] to the September 6, 2018 Memorandum Opinion and Order of this

---

[1] This matter was assigned to the opinion writer before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] This case was reassigned to the authoring judge on May 28, 2019.

[3] Pennsylvania Rule of Appellate Procedure 1571(i) provides, in relevant part:

> Any party may file exceptions to an initial determination by the court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect . . . of an order expressly granting reconsideration of the determination previously entered by the court.

Pa. R.A.P. 1571(i).

Court,[4] which granted Respondent Commonwealth of Pennsylvania's (Commonwealth) application for summary relief and affirmed the order of the Board of Finance and Revenue (F&R) that denied Taxpayer's petition for refund of $1,122,654.89 in taxes paid based on gross terminal revenue during the period of January 1, 2009, through January 4, 2011 (Tax Period). "In tax appeals from [F&R], this Court functions as a trial court, and exceptions filed pursuant to Pa. R.A.P. 1571(i) have the effect of an order granting reconsideration." *Consol. Rail Corp. v. Cmwlth.*, 679 A.2d 303, 304 (Pa. Cmwlth. 1996) (en banc), *aff'd*, 691 A.2d 456 (Pa. 1997).

In its Petition for Review, Taxpayer challenges F&R's determination, which denied Taxpayer's petition for refund for lack of subject matter jurisdiction and relied upon Section 3003.1(a) of the Tax Reform Code of 1971 (Code).[5] Section 3003.1(a) of the Code provides:

> For a tax collected by the Department of Revenue [(Department)], a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department . . . *for refund or credit of the tax, interest or penalty*. Except as otherwise provided by statute, a *petition for refund* must be made to the [D]epartment within three years of actual payment of the tax, interest or penalty.

(Emphasis added.) This Court frequently reviews matters that require application of a statute to particular facts and circumstances. We did that in reviewing this matter initially. As reflected in the Court's Memorandum Opinion, we sided with the

---

[4] *Greenwood Gaming & Entm't, Inc. v. Cmwlth.* (Pa. Cmwlth., No. 609 F.R. 2015, filed Sept. 6, 2018).

[5] Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of July 1, 1985, P.L. 78, 72 P.S. § 10003.1(a).

Commonwealth's position and held that Taxpayer's petition for refund was untimely. Taxpayer's exceptions once again provide us the opportunity to review the question of whether F&R erred in applying the three-year statute of repose in the Code[6] to Taxpayer's petition. To aid our review, we requested supplemental briefs from the parties, limited to the question of whether, *as a matter of statutory construction*, the three-year statute of repose in Section 3003.1(a) of the Code[7] applies to Taxpayer's petition for refund in this case, which sought only a credit against future tax liability. No court should ever apply a statute that, by its terms, plainly does not apply under the circumstances simply because the parties invite us to do so. *See Estate of Sanford v. Comm'r of Internal Revenue*, 308 U.S. 39, 51 (1939) ("We are not bound to accept, as controlling, stipulations as to questions of law.").

To determine whether Section 3003.1(a) of the Code bars Taxpayer's petition for refund in the nature of an adjustment/credit pursuant to 61 Pa. Code § 1008.1(c)(5), this Court is guided by the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The clearest indication of legislative intent is

---

[6] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004.

[7] Statutes of repose differ from statutes of limitation in that the latter "are procedural devices which bar recovery on a viable cause of action, whereas statutes of repose are substantive in nature because they extinguish a cause of action and preclude its revival." *Altoona Area Sch. Dist. v. Campbell*, 618 A.2d 1129, 1134 (Pa. Cmwlth. 1992), *aff'd*, 631 A.2d 1010 (Pa. 1993). Additionally, statutes of limitation begin to run only once an injury is discovered, whereas statutes of repose run upon an event established in the statute, regardless of the occurrence or discovery of injury. *Id*. at 1134-35. The three-year limit in Section 3003.1(a) of the Code is a statute of repose. *DaimlerChrysler Corp. v. Cmwlth.*, 885 A.2d 117, 120-21 (Pa. Cmwlth. 2005), *aff'd*, 927 A.2d 201 (Pa. 2007).

generally the plain language of a statute." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa. C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 842 A.2d at 400.

Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. § 1921(a). We, therefore, must be careful not to interpret sections of a statute in a vacuum. *Iacurci v. Cty. of Allegheny*, 115 A.3d 913, 916 (Pa. Cmwlth. 2015). As the Pennsylvania Supreme Court has explained:

> When interpreting a statute, courts should read the sections of a statute together and construe them to give effect to all of the statute's provisions. In giving effect to the words of the legislature, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

*Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 822 (Pa. 2013) (citation omitted).

In our June 10, 2019 Memorandum Opinion and Order requesting supplemental briefing from the parties, we raised the question of whether the reference to a petition for "refund or credit" in the first sentence of Section 3003.1(a) of the Code but a subsequent reference only to a "petition for refund" in the statute of repose language should be interpreted to mean that the statute of repose applies only when a party is petitioning for a *refund* of taxes and not for a credit. The Pennsylvania Supreme Court came close to answering this question once. In *Mission Funding Alpha v. Commonwealth*, 173 A.3d 748 (Pa. 2017), the Supreme Court analyzed the three-year statute of repose in

4

Section 3003.1(a) of the Code for purposes of determining when the period begins to run. In that case, the taxpayer filed a petition for refund with the Board on September 16, 2011, seeking an actual refund of its 2007 franchise tax liability in the amount of $66,344. The Supreme Court held the "actual payment of the tax," which triggers the running of the three-year statute of repose to seek a refund, is the point at which the taxpayer transfers money or credits to the Department and the Department accepts the same in satisfaction of the taxpayer's tax liability. *Mission Funding*, 173 A.3d at 763. Applying this interpretation, the Supreme Court determined that the taxpayer actually paid its tax liability on April 15, 2008, when the tax was due and payable and when the Department accepted the taxpayer's estimated tax payments and credits in satisfaction of the taxpayer's 2007 tax obligation. *Id.* at 759-60, 763. Accordingly, the taxpayer's refund petition, filed in September 2011, was late.

In a footnote to its opinion, the Supreme Court noted that the taxpayer raised an alternative argument, that being that the Supreme Court should treat the taxpayer's petition for refund as a petition for *credit*. In the taxpayer's view, the three-year statute of repose in Section 3003.1(a) of the Code did not apply to a petition for credit. *Id.* at 763, n.14. According to the Supreme Court's opinion, the taxpayer in *Mission Funding* only ever sought a refund in the case and never a credit. *Id.* Moreover, the taxpayer never advanced an alternative argument that it was seeking a "petition for credit" before the Board, F&R, or this Court. *Id.* The Supreme Court, therefore, refused to address this argument, considering it waived. *Id.*

Here, unlike the taxpayer in *Mission Funding*, Taxpayer has only ever sought a credit (as opposed to an immediate refund) against future tax liability as a

5

remedy for the alleged overpayment of taxes.  In its supplemental brief, Taxpayer argues why it believes that the statute of repose language in Section 3003.1(a) of the Code, which refers only to a petition for *refund*, should not apply in instances where the petitioning taxpayer seeks a credit and not a refund.  In its supplemental brief, the Commonwealth argues, by reference to other provisions of the Code, that the reference to "petition for refund" in the statute of repose should be read to encompass petitions that seek either a refund or credit with respect to overpaid taxes.  Of the two, the Commonwealth presents the more compelling argument.

As noted above, legislative intent controls in matters of statutory construction.  The first sentence of Section 3003.1(a) of the Code authorizes a taxpayer to petition the Department for *either* a refund or credit with respect to any tax that the Department collects.  The second sentence provides the statute of repose, requiring that "a petition for refund" must be submitted to the Department within three years of the actual payment of the tax.  At first blush, the use of the word refund in isolation suggests that the statute of repose does not apply when the taxpayer petitions for a credit.  Indeed, there is some authority from our Supreme Court to support the view that, from a relief perspective, tax credits and tax refunds are not the same. *See City of Phila. v. City of Phila. Tax Review Bd. ex rel. Keystone Health Plan E., Inc.*, 132 A.3d 946, 953-54 (Pa. 2015) ("Applying these same principles to credits, we hold the Commonwealth Court did not err in affirming the Review Board's award of credits to [the t]axpayers.  Ambiguity here is found only if credits and refunds are the same thing, and whatever their similarities, they are not.  'Store credit' is not the same as 'your money back.'  The pertinent provisions [of The Philadelphia Code] discuss terms of 'credits' and 'refunds' distinctly.").

Upon further consideration, however, such a construction of the statute of repose provision would be contrary to the General Assembly's intent. The question is not whether a "credit" and a "refund" are synonymous; rather, we need only decide whether a "petition for refund," as that phrase is used in Section 3003.1 of the Code,[8] is the filing by which a taxpayer may seek either from the Department. We conclude that it is. Indeed, the subsection following the statute of repose in Section 3003.1 of the Code resolves the question. This subsection relates to refunds or credits following the Department's issuance of an audit report. While the subsection does not apply in this case, the statutory language adds context to our interpretation of the statute of repose:

> The [D]epartment may grant *a refund or credit* to a taxpayer for all tax periods covered by a departmental audit. *If a credit is not granted* by the [D]epartment in the audit report, the taxpayer must file a *petition for refund* for taxes paid with respect to the audit period within six months of the mailing date of the notice of assessment, determination or settlement or within three years of actual payment of the tax, whichever is later.

Section 3003.1(b) of the Code, 72 P.S. § 10003.1(b) (emphasis added). The subsection authorizes refunds and credits and treats a "petition for refund" as the filing by which a taxpayer seeks either.

In addition, we note that Section 3003.1(a) of the Code applies broadly to requests for refunds or credits of all taxes that the Department collects. One such tax is the state sales tax. Section 253(a) of the Code, 72 P.S. § 7253(a), expressly provides for the refund or credit of overpaid sales tax: "[T]he refund or credit of tax, interest or penalty . . . shall be made only where the person who has actually paid the tax files a *petition for refund with the Department under Article XXVII within the*

---

[8] Added by the Act of July 1, 1985, P.L. 78, 72 P.S. § 10003.1.

7

*time limits of [S]ection 3003.1.*" (Emphasis added.) By this language, the General Assembly expressed its clear intent that a timely filed petition for refund under Section 3003.1(a) of the Code is the vehicle by which a taxpayer must seek a refund *or* credit for overpaid state sales tax.[9]

In light of the foregoing, we cannot interpret the phrase "petition for refund" in Section 3003.1(a) of the Code narrowly to exclude petitions that seek a credit (rather than a refund) of overpaid taxes without contradicting the intent of the General Assembly. We are, therefore, satisfied that the statute of repose applies to all petitions for refund filed with the Department under Section 3003.1(a) of the Code, regardless of the form of relief the taxpayer seeks. The statute of repose, therefore, applies to Taxpayer's petition in this matter.

Turning now to the exceptions, Taxpayer mostly restates the same arguments thoroughly addressed in our prior Memorandum Opinion. Finding no basis upon which we should disturb that disposition, Taxpayer's exceptions are denied. *See Consol. Rail Corp.*, 679 A.2d at 304; *Kalodner v. Cmwlth.*, 636 A.2d 1230, 1231-32 (Pa. Cmwlth. 1994) (en banc), *aff'd*, 675 A.2d 710 (Pa. 1995).

The remaining question posed by Taxpayer's exceptions is whether the emphasis that Taxpayer places on the substantive source for the credit it sought from the Department in this matter—*i.e.*, Section 1001.8(c)(5) of the Department's

---

[9] Our conclusion is further bolstered by our review of the Code and the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa. C.S. §§ 1101-1904, which imposes the tax at issue here. In neither statute do we find any separate and specific provisions recognizing a "petition for credit" and setting forth procedures with respect to the filing thereof.

regulations[10]—warrants a different result from that set forth in the Court's Memorandum Opinion. It does not. In this case, Taxpayer sought a credit for the amount of slot machine tax it allegedly overpaid to the Department during the Tax Period, to be applied against future slot machine tax due. Taxpayer did so by filing a "petition for refund" with the Department, thereby invoking the procedures set forth in the Code. As interpreted above, under the Code, the taxpayer seeking a refund *or credit* of taxes paid to the Department must file a "petition for refund" with the Department "within the time limits of [S]ection 3003.1." 72 P.S. § 7253(a). "[T]his time limitation is absolute." *Silberman v. Cmwlth.*, 738 A.2d 508, 509 (Pa. Cmwlth. 1999). Accordingly, regardless of the substantive law on which Taxpayer bases its credit claim, the procedure that Taxpayer invoked to seek relief from the Department compelled the Department's dismissal of its petition for refund as untimely.

---

[10] 61 Pa. Code § 1001.8(c)(5). Section 1001.8(c)(5) of the Department's regulations provides, in relevant part:

> Taxes and other assessments due as determined by the Department shall remain payable by the licensed gaming entity and certificate holder to the Department in accordance with [S]ection 1501(a) of the [Gaming A]ct (relating to responsibility and authority of [D]epartment) regardless of any discrepancies between the licensed gaming entity's and certificate holder's calculation and that of the Department's or amounts contested by any party concerning the credit against taxes due. Resolution of disputed payments due will be addressed by the Department through adjustments it makes to its calculation of future payment amounts due. The Department may make adjustments to its calculation of future payment amounts due after resolution of any dispute regarding the amount of taxes due.

Accordingly, for the above-stated reasons, Taxpayer's exceptions are denied and F&R's order is affirmed.

_____
P. KEVIN BROBSON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Greenwood Gaming and　　　　　　　　　:
Entertainment, Inc.,　　　　　　　　　　:
　　　　　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　:　　No. 609 F.R. 2015
　　　　　　　　　　　　　　　　　　　　:
Commonwealth of Pennsylvania,　　　　　:
　　　　　　　　　Respondent　　　　　　:

# **O R D E R**

AND NOW, this 30th day of September, 2019, the exceptions filed by Greenwood Gaming and Entertainment, Inc. (Taxpayer) to this Court's Memorandum Opinion and Order in *Greenwood Gaming and Entertainment, Inc. v. Commonwealth* (Pa. Cmwlth., No. 609 F.R. 2015, filed September 6, 2018) are DENIED.　The order of the Board of Finance and Revenue dated September 22, 2015, is AFFIRMED.　Judgment is entered against Taxpayer and in favor of the Commonwealth of Pennsylvania.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　P. KEVIN BROBSON, Judge